RICHARD A. LAPPING (SBN 107496)
  *Rich@TrodellaLapping.com*
TRODELLA & LAPPING LLP
Richard A. Lapping (SBN: 107496)
Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004

PATRICK M. RYAN (SBN 203215)
  *pryan@bzbm.com*
SEAN R. McTIGUE (SBN 286839)
  *smctigue@bzbm.com*
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

Attorneys for Creditor ASML US, LLC,
f/k/a ASML US, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>XTAL, INC.,<br><br>        Debtor. | Case No.: 18-52770-MEH<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM STAY TO PERMIT CONCLUSION OF ONGOING TRIAL**<br><br>Date: January 9, 2019<br>Time: 2:00 p.m.<br>Judge: Hon. Elaine Hammond<br>Courtroom: 3020 |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Creditor ASML US, LLC, f/k/a ASML US, Inc. ("ASML) hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (the "Motion"), to allow the resumption and conclusion of second phase of the ongoing trial in *ASML US, Inc., vs. XTAL, Inc.*, pending as

Case No. 16-CV-295051, in Department 8 of the Superior Court of Santa Clara County before the Honorable Sunil R. Kulkarni, Judge of the Superior Court ("Superior Court Action").

This Motion is based on the accompanying Declaration of Patrick Ryan ("Ryan Declaration"), the points and authorities set forth below, and on such other and further evidence and matters that the Court may consider at the hearing of the Motion.

## I. Introduction and Summary of the Facts[1]

Debtor filed this case on the eve of the second phase of a trial that was to proceed on December 20, 2018 in the Superior Court Action. Phase one of the trial concluded on November 28, 2018 with a jury verdict, Exhibit A to the Ryan Declaration, awarding ASML compensatory damages against Debtor in the total amount of $223 million on the Debtor's misappropriation of ASML trade secrets claim alone with hundreds of millions of dollars on the other claims. On each of the claims, the jury concluded that XTAL acted with malice, fraud, and oppression.

Following the jury verdict on November 28, 2018, the Parties stipulated that punitive damages would be tried to the Court as opposed to the jury. The Superior Court set a date for the second phase of the trial of December 19, 2018 where he would hear evidence on punitive damages and the scope of a permanent injunction, and would decide on the final form of the judgment. Pursuant to the Superior Court's Order, ASML served its proposed forms of judgment and permanent injunction on XTAL's counsel on December 12, 2018. XTAL was supposed to serve any objections to those forms by December 17, 2018, but failed to do so. Instead, XTAL filed for bankruptcy after 8:00 pm. on that same evening. (Ryan Declaration, ¶¶ 42-46.)

## II. Argument

### A. Legal Standard

A party may move for relief from automatic stay under 11 U.S.C. § 362, which provides that a bankruptcy court shall grant relief from the stay upon a showing of cause. 11 U.S.C. § 362(d)(1). Cause is determined on a case-by-case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). In determining whether cause exists to permit an action to proceed in a nonbankruptcy forum, courts often analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795

---

[1] The facts are set forth in the Ryan Declaration, which is hereby incorporated by reference, and will not be repeated here except for emphasis.

(Bankr. D.Utah 1984). These factors, known as the *Curtis* factors, are:

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12. The impact of the stay and the balance of hurt.

*Curtis*, 40 B.R. at 799–800 (internal citations omitted); see also *In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015); *In re Plumberex* Specialty *Prods., Inc.*, 311 B.R. 551, 559 (Bankr. C.D.Cal. 2004). The Ninth Circuit has recognized that 'the *Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum. *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). While the Curtis factors are widely used to determine the existence of cause, not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. *Plumberex*, 311 B.R. at 560. According to the court in *Curtis*, "[t]he most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." *Curtis*, 40 B.R. at 806.

## B. Relief From Stay Should Be Granted Without Delay

In its filings, the Debtor listed the claim of ASML as disputed and amount unknown. Here, allowing the Superior Court to resolve the issues of punitive damages, permanent injunction, and form of final order will result in a complete resolution of those issues and the validity and amount of ASML's claim. *Curtis* factor 1.

Although the Superior Court is not a specialized tribunal in a strict sense, that court has direct and detailed knowledge of the issues and, situated in Santa Clara County, is surely experienced in applying the law of trade secrets. Curtis factor 4. The Superior Court sat through an entire jury trial, reviewed numerous motions in limine, and extensive trial filings; thus, it is in the very position to decide these issues. To the same point, this Court would have a steep learning curve to evaluate all of the evidence to adjudicate ASML's claim, and thus the interests of judicial economy and the expeditious and economical determination of litigation for the parties weigh quite heavily in favor of lifting the stay. Moreover, the parties and their counsel have prepared for phase two and have the facts and issues at the ready. Delaying determination will only result in duplication due to the need to restart and refocus. *Curtis* factor 10. The fact that the parties are not only ready for trial, but are 90% done, compellingly satisfies *Curtis* factor 11.

As the Ryan Declaration makes clear in detail; and as the jury concluded, the theft of ASML's valuable trade secrets, and the substantial damages flowing from that, show no signs of abating, requiring the issuance of a permanent injunction. The impact of the stay at present is to allow Debtor and those acting in concert with Debtor to continue exploitation of ASML's intellectual property to its continuing detriment. *Curtis* factor 12. This demonstrates extreme prejudice to ASML. By contrast, Debtor has state court counsel who cannot ethically withdraw in the middle of trial, and who is well versed in the facts, and can present whatever legal defenses, if any, that Debtor has.

The timing of bankruptcy—two days before the trial was to be concluded and three weeks after a jury found against debtor on all claims, including with malice—smacks of bad faith and was transparently designed to keep the Superior Court from completing the final 10% of its work. This conduct, as demonstrated in the Ryan Declaration, is a mere continuation of tactical bad faith

litigation conduct, which included the intentional spoliation of evidence culminating in XTAL's IT Manager smashing a hard drive containing material evidence including ASML's trade secrets.

### III.  Conclusion

There is nothing to be gained, and much to be lost, by delaying determination of the issues before the Superior Court.  The relevant *Curtis* factors all point to relief from stay.  Based on all of the foregoing, the Court should grant the Motion.

Dated: December 20, 2018          TRODELLA & LAPPING LLP

By:   /s/ *Richard A. Lapping*
 Richard A. Lapping
 Attorneys for Creditor ASML US, LLC,
 f/k/a ASML US, Inc.