Leib M. Lerner (CA State Bar No. 227323)
Anthony L. Greene (CA State Bar No. 302044)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: anthony.greene@alston.com
Email: alina.ananian@alston.com

Attorneys for Debtor XTAL Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>XTAL Inc.,<br><br>Debtor | Bankruptcy Case No.: 18-52770-MEH<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH ASML US, LLC PURSUANT TO FED. R. BANKR. PROC. 9019**<br><br><u>Hearing</u><br>Date: April 18, 2019<br>Time: 10:30 a.m.<br>Place: Courtroom 3020<br>      280 S 1st Street<br>      San Jose, CA 95113 |

Debtor and debtor-in-possession XTAL Inc. (the "**Debtor"** or **"XTAL"**), hereby moves the Court for an order approving a settlement agreement between the Debtor, on the one hand, and ASML US, LLC f/k/a ASML US, Inc. ("**ASML**"), on the other hand, pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "**Motion**"), and respectfully represents as follows:

## BACKGROUND

### A. Commencement of Bankruptcy Case

The Debtor filed a voluntary Chapter 11 case in the United States Bankruptcy Court for the Northern District of California on December 17, 2018 (the "**Petition Date**"). The case was assigned to the Honorable M. Elaine Hammond, and bears case number 18-52770 (the "**Bankruptcy Case**"). No trustee has been appointed, and the Debtor remains a debtor-in-possession.

### B. The State Court Case

On May 11, 2016 ASML filed suit against XTAL in Santa Clara Superior Court as Case Number 16-CV-295051 (the "***State Court Action***"). On the same day, ASML initiated an arbitration proceeding against two key XTAL employees, Huayu Liu and Song Lan, before the American Arbitration Association styled *ASML US, Inc. v. Hua-yu Liu and Song Lan,* AAA Ref. No. 01-16-0001-7373 (Arbitrator William A. Quinby) (the "**Arbitration**"). XTAL filed a cross-complaint in the State Court Action, and the respondents in the Arbitration filed counter-claims against ASML. *See* Declaration of Jiangwei Li, filed concurrently herewith (the Li Declaration"), ¶3.

The state court case came on regularly for trial on October 22, 2018 in Department 8 of the Santa Clara Superior Court, the Honorable Sunil R. Kulkarni presiding. A verdict was issued on November 28, 2018, with the jury finding in favor of ASML on all of its causes of action (the "**Jury Verdict**"). On December 17, 2018, before a second phase of trial on punitive damages was set to occur, XTAL filed the Bankruptcy Case. In its bankruptcy schedules filed on January 7, 2019, the Debtor scheduled ASML with a contingent, unliquidated and disputed claim in the amount of $845,114,000. ASML sought relief from the automatic stay, and XTAL removed the action to the Bankruptcy Court as adversary proceeding number 19-05002. Thereafter, ASML successfully obtained an order from the Bankruptcy Court remanding the State Court Action back to state court, and granting stay relief for the State Court Action to proceed to judgment, with any enforcement

retained solely by the Bankruptcy Court. Li Declaration, ¶4.

Additionally, during the pendency of the Superior Court Action, there were a series of appeals and cross-appeals filed in the California Court of Appeals, Appellate case number H044654 and case number H044779. Li Declaration, ¶5.

After stay relief was granted, a Phase II evidentiary hearing was set for the state court to determine the amount of any judgment, including compensatory and punitive damages, and to rule on ASML's request for a permanent injunction. Li Declaration, ¶6.

Debtor vigorously opposed the State Court Action and continues to deny any liability and contends that ASML is not entitled to any relief. Absent this settlement, presented more fully below, if a final judgment would be entered, Debtor intended to (and, if the settlement is not approved, will) appeal that judgment and move for remittitur and a new trial, all of which would work to depleat the estate's limited assets. Li Declaration, ¶7.

In the Bankrutpcy Case, the Debtor has sought to sell its scheduled Patents and xMO_rel software, and there is a risk that the outcome of the Phase II hearing may impede the sale of those assets without further litigation in the Bankruptcy Case. Li Declaration, ¶8.

While preparing for the Phase II hearing, the parties engaged in multiple in-person and telephonic settlement conferences, ultimately reaching the Settlement Agreement. The Settlement Agreement includes resolution of the State Court Action, the appeals, the Arbitration, the disposition of the Debtor's scheduled patents and xMO_Rel software, and various releases, and incorporates a draft plan of reorganization which will result in a small distribution to non-ASML unsecured creditors and a carve out by ASML from its entitlements to permit certain remaining employees to work for a non-competing reorganized debtor. The Debtor believes that the settlement is fair and reasonable, and in the best interest of the Debtor, its estate and all parties in interest. A true and correct copy of the Settlement Agreement with all exhibits, including the draft Plan, is attached as **Exhibit 1** to the Li Declaration filed concurrently hereto. Li Declaration, ¶9.

C. **The Settlement**

The key terms of the Settlement Agreement are as follows:

- Resolution of the State Court Action, Arbitration and appeals.

- Resolution of the Bankruptcy Case through a Plan of reorganization supported by ASML.
- Judgment entered in the State Court Action with a stipulated allowed claim for ASML in the Bankruptcy Case of $224,330,000.
- Injunction entered in the State Court Action that includes a 3-year non-compete requirement for the reorganized Debtor.
- Minimum $50,000 to non-ASML unsecured creditors through the supported Plan.
- Minimum $75,000 in cash to ASML.
- Transfer to ASML of the Debtor's scheduled Patents and the xMO_rel software, on an "as is, whereas" basis.

Li Declaration, ¶10.

## ARGUMENT

### A. The Bankruptcy Code Favors Settlement

Compromises in bankruptcy may be implemented pursuant to a motion for approval. *See* Fed. R. Bankr. P. 9019. It is well established that bankruptcy courts favor compromises. *See In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990). "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied*, *Martin v. Robinson*, 479 U.S. 854 (1986). This Court does not need to conduct an exhaustive investigation into the validity of the merits of the claims that the parties seek to compromise. *See United States v. Alaska Nat'l Bank (In re Walsh Const., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, this Court need only determine that the outcome of litigation concerning the claims the parties hold against each other is open to reasonable doubt. *See Walsh Const., Inc.*, 669 F.2d at 1328-29. Even if faced with objections, a bankruptcy court may still approve a settlement if it is in the best interests of the bankruptcy estate and creditors. *See A&C Prop.*, 784 F.2d at 1382.

When considering a motion to compromise, the Court should give substantial weight to the

[debtor's] views as to the merits of the compromise and settlement. *See, e.g., Blair*, 538 F.2d at 851; *Vaughn v. Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 496. Moreover, a compromise should be approved if it falls above the "lowest point in the range of reasonableness." *Cofoss v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2nd Cir.), *cert. denied*, 464 U.S. 822 (1983), quoting *Newman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972).

The Ninth Circuit Court of Appeals has recognized that bankruptcy courts have wide discretion in approving compromise agreements. *See A & C Prop.*, 784 F.2d at 1380-81. In approving a compromise, a bankruptcy court must find that the compromise is fair and equitable. *See id.* at 1381; *see also Allen v. Rainsdon (In re Allen)*, 656 Fed.Appx. 291, 292 (9th Cir. 2016) (concluding that a bankruptcy court may approve a settlement it deems "fair and equitable"). The Ninth Circuit has identified four factors that a bankruptcy court should consider in determining whether a proposed settlement agreement is fair and equitable:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*. (quoting *Lambert v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.*), 730 F.2d 1128, 1135 (8th Cir. 1984), *cert. denied*, 469 U.S. 1207 (1985)); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F. 2d 610, 620 (9th Cir. 1988).

B. **The Settlement Agreement is in the Debtor's, Estate's and Creditors' Best Interests**

The Settlement Agreement is in the Debtor's, estate's and creditors' best interests. It resolves litigation, simplifies the claims that Debtor needs to address in its Plan, facilitates disposition of estate assets, guarantees a distribution to non-ASML unsecured creditors, and forms the basis of a Plan of reorganization supported by the Debtor's largest creditor, ASML. The Settlement Agreement will end years of litigation, streamline the Bankruptcy Case and benefit the Debtor, its estate, and all parties in interest. Li Declaration, ¶11.

## CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court approve the Settlement Agreement pursuant to FRBP 9019.

DATED: March 28, 2019      **ALSTON & BIRD LLP**

By: *Leib M. Lerner*
　　　　　Leib M. Lerner
Attorneys for Debtor XTAL Inc.