Entered on Docket
June 07, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Leib M. Lerner (CA State Bar No. 227323)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: alina.ananian@alston.com

Attorneys for Debtor XTAL Inc.

The following constitutes the order of the Court.
Signed: June 6, 2019

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>XTAL Inc.,<br><br>Debtor | Bankruptcy Case No.: 18-52770-MEH<br><br>Chapter 11<br><br>**ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION OF XTAL INC. DATED MARCH 28, 2019**<br><br><u>Confirmation Hearing</u><br>Date:    May 30, 2019<br>Time:    10:30 a.m.<br>Place:    Courtroom 3020<br>            280 S 1st Street<br>            San Jose, CA 95113 |

1 | On May 30, 2019, at 10:30 a.m., the Court held a hearing (the "**Confirmation Hearing**") on confirmation of the Chapter 11 Plan of Reorganization of XTAL Inc. Dated March 28, 2019 [Doc. 138] ("**Plan**"), filed by debtor and debtor-in-possession XTAL Inc. ("**Debtor**"). . Leib M. Lerner and Alina A. Ananian of Alston & Bird LLP appeared on behalf of the Debtor, Marta Villacorta appeared on behalf of the Office of the United States Trustee, Richard Lapping of Trodella & Lapping LLP and Sean R. McTigue of Bartko Zankel Bunzel & Miller appeared on behalf of ASML US, LLC, fka ASML US, Inc., and Stephen Finestone of Finestone Hayes LLP appeared on behalf of Putterman Landry + Yu LLP. Having taken the matter under advisement, the Court held a hearing on June 5, 2019 at 2:30 p.m. at which time it issued its decision ("**Oral Ruling Hearing**"). Appearances at the Oral Ruling Hearing are as noted on the record. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

Having considered the Plan, the Objection of the United States Trustee and Reservation of Rights With Respect to Debtor's Disclosure Statement and Chapter 11 Plan of Reorganization [Doc. 169], the Objection to Debtor's Disclosure Statement and Plan of Reorganization filed by Putterman Landry + Yu LLP [Doc. 171], Debtor's Modification to Plan of Reorganization of XTAL Inc. Dated March 28, 2019 Pursuant to 11 U.S.C. § 1127 [Doc. 208] (the "**Modification**"), any other objections to the Plan, and all other pleadings and papers filed in support of the Plan or in opposition thereto, the evidence and argument presented on the record at the hearing on confirmation of the Plan, finding that notice and service were proper, good cause appearing therefor and based upon the findings of facts and conclusions of law as stated by the Court at the Oral Ruling Hearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

A. <u>Plan Confirmed.</u>

The Plan, as modified by the Modification and this order ("**Confirmation Order**"), is confirmed pursuant to 11 U.S.C. § 1129(a) and (b), and all of the terms and provisions set forth in the Plan are approved. Any objections to confirmation of the Plan, whether formal or informal, written or oral, unless previously withdrawn or resolved, are overruled.

B. Modifications

   i.    The Plan is modified to delete Class 1 (Secured Claims) because there are no secured creditors in this case.

   ii.    The Plan is modified to delete the words "the Malpractice Claims" in Article IV, Section 4.01, page 10 of 40, lines 5-6.

   iii.    The Plan is modified to delete the words "to be assigned by the Debtor to ASML" in Article VIII, Section 8.01, page 24 of 40, line 16, definition of "Malpractice Claims.".

   iv.    The Plan is modified so that Article VIII, Section 8.01, page 24 of 40, line 22 through page 25 of 40, line 2, definition of "Net Avoidance Action Distribution Calculations" now reads:

> "Net Avoidance Action Distribution Calculation" means, (i) until such time that ASML has recouped through Net Avoidance Action Distributions an amount equal to the sum of funds distributed initially to Reorganized XTAL as of the Effective Date of the Plan, ASML shall receive 80%, reorganized XTAL shall receive 19.5%, and general unsecured creditors other than ASML shall receive pro-rata distributions of .5% of the Net Avoidance Action Distributions; and (ii) after ASML has recouped an amount equal to the sum of funds distributed initially to Reorganized XTAL as of the Effective Date of the Plan, ASML shall receive 49.75%, reorganized XTAL shall receive 49.75%, and Class 4 general unsecured creditors shall receive pro-rata portions of.5% of the Net Avoidance Action Distributions;

C. United States Trustee Fees

All fees required to be paid by the Debtor and/or Reorganized Debtor to the Office of the United States Trustee ("**U.S. Trustee Fees** ") shall be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. For avoidance of doubt, any U.S. Trustee Fees due on or before the Effective Date of the Plan will be paid on or before the Effective Date. Thereafter, all U.S. Trustee Fees will be timely paid by the Reorganized Debtor. The Reorganized Debtor, however, will be required to pay any attendant interest [31 U.S.C. § 3717] for failure to timely pay its quarterly fees.

D. Executory Contracts and Unexpired Leases

As provided by Article VI of the Plan, unless either (i) previously rejected pursuant to an order of the court, (ii) specifically assumed pursuant to this Plan, or (iii) a motion to assume such executory contract or lease has been filed by the Debtor prior to the Effective Date of this Plan and remains pending, the Debtor rejects all of the executory contracts and/or unexpired leases to which the Debtor is a party, effective upon the Effective Date of the Plan.

A proof of claim arising from the rejection of an executory contract or unexpired lease must be filed upon the earlier of (i) 30 days after the date of the entry of an order approving the rejection, or (ii) 30 days after the Effective Date of the Plan.

All insurance policies pursuant to which the Debtor has any obligations in effect as of the date of the Confirmation Order shall be deemed and treated as executory contracts pursuant to this Plan and shall be assumed and shall continue in full force and effect on and after the Effective Date and shall revest in the Reorganized Debtor.

All settlement agreements approved by the court pursuant to FRBP 9019 shall be deemed and treated as executory contracts pursuant to the Plan and shall be assumed and shall continue in full force and effect on and after the Effective Date and shall revest in the Reorganized Debtor.

E. Claims Objection Deadline (Other Than Objection to a Rejection Claim)

As set forth in Article X, section 10.08 of the Plan, on and after the Effective Date, the Reorganized Debtor shall be entitled to and have the sole right to file objections to all Claims. Any objections to Claims shall be served and filed on or before the earlier of (i) the Claims Objection Deadline, and (ii) such date as may be fixed by the Bankruptcy Court. The subject time deadlines may be extended by the Court upon *ex parte* application made by the Reorganized Debtor.

F. Administrative Expense Claims.

As set forth in Article III, section 3.01 of the Plan, each holder of an Administrative Expense Claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Reorganized Debtor, or as ordered by the Bankruptcy Court.

Notwithstanding anything above, Professionals appointed in the case shall be required to file

a final fee application within 30 days of the Effective Date and have their fees and expenses approved by the Court before their Administrative Expense Claims are paid. All other holders of an Administrative Expense Claim must file a request for payment of their Administrative Expense Claim by no later than 30 days after the Effective Date, provided, however, that post-petition liabilities incurred in the ordinary course of business by Debtor may continue to be paid in full by the Debtor or the Reorganized Debtor, as the case may be, in the ordinary course of business, provided further that the foregoing does not prohibit the challenge of any such liabilities and the requirement of creditors asserting such claims to file a request for payment of an Administrative Expense Claim with the Court.

G. Effective Date

As provided in Article VIII, section 8.02 of the Plan, the Effective Date of the Plan is the first business day following the 14th day after the entry of this Confirmation Order. But if a stay pending appeal of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been reversed or vacated.

H. Enforceability of Provisions of the Plan

As provided in 11 U.S.C. § 1141(a), the Plan and its terms are binding on the Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the Claim or Interest of such creditor, equity security holder, or general partner is impaired under the Plan and whether or not such creditor, equity security holder, or general partner has accepted the Plan.

I. Plan References

The failure to reference a particular provision of the Plan in this Confirmation Order shall not affect the validity or enforceability of such provision. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Confirmation Order provided, however, that if there is a direct conflict between the Plan and the Confirmation Order, the Confirmation Order shall govern.

IT IS SO ORDERED.

APPROVED AS TO FORM:

OFFICE OF THE UNITED STATES TRUSTEE

By: /s/ Marta E. Villacorta
Marta E. Villacorta
Trial Attorney
*Attorney for Tracy Hope Davis,*
*United States Trustee for Region 17*

FINESTONE & HAYES LLP

By: /s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Putterman Landry + Yu LLP

*****END OF ORDER*****

## COURT SERVICE LIST

All ECF Recipients.